Marshall, C. J.
This is an action for the award of a writ of prohibition to prohibit the secretary of state of the state of Ohio from proceeding to hear and determine the sufficiency of a petition on file in the office of the secretary of state for the submission of a referendum upon House Bill No. 20, passed by the Eighty-fifth General Assembly on March 30, 1923, known as the Taft Bill.
The petition makes the usual allegation of usurpation of power on the part of the secretary of state, and alleges that the secretary of state has no jurisdiction or authority to hear and determine the sufficiency or insufficiency of the referendum petition.
The secretary of state answers that a protest has been filed claiming the insufficiency of the petition, on numerous grounds, and alleges that if the claims of the protestants are true the petition contains an insufficient number of signatures, and that the secretary of state was proceeding to determine that fact.
The cause was heard upon a demurrer to the answer, and the question is therefore made concerning the power and authority of the secretary of state to determine the sufficiency of the referendum petition.
The first question which must be determined by this court is whether prohibition is the proper remedy to obtain the relief sought.
The jurisdiction of this court in prohibition was first established in the 1912 amendments of the Ohio *456 Constitution, and soon thereafter this court, in the case of State, ex rel. Nolan, v. ClenDening, 93 Ohio St., 264, 112 N. E., 1029, defined the purposes and limitations of that writ as follows:
“The writ [of prohibition] may be invoked against inferior courts or inferior tribunals, ministerial or otherwise, that possess incidentally judicial or quasi judicial powers, to keep such courts or tribunals within the limits of their own jurisdiction.”
It not being denied, but, on the contrary, expressly admitted by the secretary of state in his sworn answer, that he was about to proceed to determine whether or not the petition contained a sufficient number of signatures, it only remains to be determined by this court whether or not the secretary of state had jurisdiction and authority to make that determination. If he possessed such power, the writ should be denied; otherwise, the writ should be awarded.
The Constitution makes certain requirements of a valid referendum petition, all of which are set forth in Section 1 g of Article II of the Constitution, The Constitution does not provide the manner of determining whether or not a petition which has been tendered makes compliance with the constitutional requirements. The foregoing section did contain the following final provision:
“The foregoing provisions of this section shall be self-executing, except as herein otherwise provided. Laws may be passed to facilitate their operation, but in no way limiting or restricting either such provision or the powers herein reserved.”
The Constitution therefore expressly confers *457 upon the General Assembly the power to make laws to govern all matters which are not governed by the constitutional provisions. This was the view of this court expressed in the case of State, ex rel. Gongwer, v. Graves, 90 Ohio St., 311, 107 N. E., 1018, wherein this court stated that such matters are well within the legislative power. At the time of the decision of that case, in 1914, the power to determine the sufficiency of referendum petitions was expressly reposed in the secretary of state by the provisions of Section 5175-29;?', General Code, as follows:
“Not later than forty days before the election, the secretary of state shall make his decision as to the sufficiency of the petition, giving the reasons for or against its sufficiency. Prior to the decision the secretary of state shall grant a hearing on the petition and give due public notice of the date thereof, which shall not be later than forty-five days before the election.” 104 Ohio Laws, p. 121.
At that time, Section 5175-29? clothed the secretary of state with power to subpoena and administer oaths to witnesses for the purpose of facilitating such inquiry. The decision of this court in the Graves case was based upon the statute as it then stood, and the court had no difficulty under the statute above quoted in finding ample power in the secretary of state to hear and determine the question of the sufficiency of the referendum petition then pending.
After the decision of the Graves case, the next succeeding session of the General Assembly repealed both those sections, thereby 'taking away from the secretary of state the power to hear and *458 determine such, matters, and also the power to subpoena and administer oaths to witnesses. The force and effect of the Graves case is entirely lost by reason of the statute upon which it was based having been repealed. The Legislature, acting under the power expressly conferred by the Constitution, having repealed those sections so soon after the decision of the Graves case, it must be presumed that it was thereby intended to counteract the force and effect of that case. It would be presumptuous upon the part of this court to declare that the power still remains after being expressly revoked.
At the same time the General Assembly amended Section 5175-29Í The amendment to that section required that the boards of deputy state supervisors of elections, in the several counties from which parts of such petitions were obtained, should examine the same, and that if any signatures were found insufficient a notation should be made to that effect and notice given to the person who solicited such signature, or other person or persons interested in the circulation of that part of the petition, and that the board of deputy state supervisors of elections of that county should proceed to establish the insufficiency of such signatures in an action before the court of common pleas of such county. That section contained this further provision, defining the duties of the board of deputy state supervisors of elections in the various counties:
“It shall also scrutinize all parts of the petition, whether from a city or other political subdivision within the county, for repetition of signatures, illegal signatures and for the omission of any of the *459 formal or other requisites set forth in the constitution
That section further provided that after action by the board of elections, and after a hearing, if any, before the court of common pleas, “said board shall return the parts of the petition to the secretary of state, with a certification of the total number of sufficient signatures thereon. The number so certified shall be used by the secretary of state in determining the total number of signatures to the petition, which he shall record and announce. The signatures to the petition and parts of the petition, when so certified, shall be in all respects sufficient.”
The amendments made in 1915 (106 Ohio Laws, p. 295) to Section 5175-29i must be considered in conjunction with the fact of the repeal of Sections 5175-29/ and 5175-29?, and the conclusion is thereby further supported that it was the legislative intent that the secretary of state should no longer have any power to hear and determine the sufficiency of referendum petitions until after such petitions are returned to him from the counties. Even then the statutory power conferred in the last paragraph of the foregoing amended section lies “in determining the total number of signatures to the petition, which he shall record and announce.”
It may be admitted that the statutory power conferred upon the courts of common pleas does not specifically reach to an inquiry into the sufficiency of the affidavits to the parts of the petitions, but inasmuch as all inquiries into the sufficiency of the petitions must be made in the several counties, leaving to the secretary of state only the power of math *460 ematically determining the totals, and inasmuch as all such inquiries are judicial in their nature, it is evident that the Legislature intended that such determination should be made by the court of common pleas. In deciding this controversy the court should look to the substance rather than the form, and surely the substantial element of a referendum petition consists in the signatures. The affidavits of the solicitors are formal. These “formal and other requisites set forth in the Constitution” are important and must be observed, but we are of the opinion that the determination of the formal and other requisites must be made in conjunction with the determination of the substantial elements, to-wit, the signatures.
The secretary of state is by statute created the state supervisor and inspector of elections and his duties are defined by statute. He possesses no duties relating to elections, except those, conferred upon him by statute. To determine what his duty is upon the petitions first being filed with him, we must look to Section 5175-29N:
“When any supplementary or referendum petition is filed with the secretary of state, the latter shall at once transmit to the board of deputy state supervisors of elections of each county, from which there appear names of electors on any part petition filed with him, the part petitions containing the signatures of electors from that county.’’
This duty is mandatory and immediate.
It being admitted by the answer of the secretary of state that he was proceeding to determine whether there was a sufficient number of signatures *461 to make the petition operative, it must be concluded that he was transcending his lawful powers and that the peremptory writ of prohibition should therefore be allowed.
We are unable to deteiunine why the relator did not invoke the writ of mandamus, either as a substitute for the prohibition suit, or in addition thereto, to compel the action enjoined upon the secretary of state by Section 5175-297&. But we will not attempt to control the theory upon which the relator has proceeded, and we have therefore merely decided the case which has been presented.
While this cause was heard upon a demurrer to the answer, it must be apparent that, in view of the admissions contained in the answer, no amendment could be made thereto, and the order of this court may therefore very properly go beyond the mere sustaining of the demurrer to the answer and to the final allowance of the peremptory writ.

Writ allowed.

Wanamakbr, Day and Allen, JJ., concur.
Matthias and Robinson, JJ., concur in the judgment, for the reason that the Taft Law is not subject to a referendum.
Jones, J., took no part in the consideration or d.e cisión of the case.